**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKEY LAVERN SHEPPARD,

Plaintiff-Appellant,

v.

ALVIN MATHESON, Highway
Patrolman; MAX BARRETT,
Deputy Sheriff; ROBERT BALLOUN,
Sheriff Russell County; N. JEANNE
BECKER, Magistrate Judge of Russell
County Court; PETER R. WILLIAMS,
Attorney; MERL NEY, Deputy
Sheriff; JERRY E. DRISCOLL,
Attorney,

Defendants-Appellees.

No. 98-3010
(D.C. No. 96-CV-3479-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument. [1]

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging several violations of his civil rights in connection with his arrest.  The district court dismissed the claims.  Upon de novo review,     see Chemical Weapons Working Group, Inc. v. United States Dep't of the Army    , 111 F.3d 1485, 1490 (10th Cir. 1997), [2] we AFFIRM for the reasons cited by the district court in its December 11, 1997, order.  **This appeal is frivolous, malicious, or fails to state a claim upon**

---

[1]    We remind plaintiff that the filing fees in both this court and the district court remain due.

[2]    The district court dismissed plaintiff's claim of mishandling of mail as frivolous.  Although it did not specify, we assume the dismissal of the remainder of the claims was pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  Because the language of that section parallels Fed. R. Civ. P. 12(b)(6), we apply the same de novo standard of review.     See Barren v. Harrington   , No. 98-15277, 1998 WL 537934, at *1 (9th Cir. Aug. 26, 1998) (collecting cases).

**which relief can be granted for the purpose of counting "prior occasions"**

**under 28 U.S.C. § 1915(g)** .

Entered for the Court


John C. Porfilio
Circuit Judge